# ATTACHMENT B

# LETTER FROM ANNE DOWLING , ILLINOIS ACTING DIRECTOR OF INSURANCE

# TO

# KEVIN J. COUNIHAN, DIRECTOR AND MARKETPLACE CEO, CMS CCIIO



# Illinois Department of Insurance

BRUCE RAUNER
Governor

ANNE MELISSA DOWLING
Acting Director

*Via Electronic Mail:* *Kevin.Counihan@cms.hhs.gov*

June 30, 2016

Kevin J. Counihan
Director and Marketplace Chief Executive Officer
Center for Consumer Information and Insurance Oversight
Centers for Medicare & Medicaid Services
7500 Security Blvd.
Baltimore, MD 21244

    Re:    **Land of Lincoln Mutual Health Insurance Company**
              **Notice of State Authority Regarding Risk Adjustment**
              **Agreed Corrective Order No. 2016-1**

Dear Mr. Counihan:

On May 11, 2016, the U.S Department of Health and Human Services (HHS) issued an Interim Final Rule in which it invited state insurance regulators to determine whether authority existed under state law to mitigate the impact of Risk Adjustment (RA) Program of the Affordable Care Act as the integrity of the RA formula is further evaluated.

The purpose of this letter is to confirm that the authority of the Illinois Department of Insurance ("Department") exists under Illinois law to cause Lincoln of Lincoln Mutual Health Insurance Company (LLH) to suspend payment of its 2015 Risk Adjustment Program liability. Pursuant to my authority under 215 ILCS 5/35A, 215 ILCS 5/136, 215 ILCS 5/186.1, 215 ILCS 205, and 215 ILCS 5/401-407.2, on June 27, 2016 I entered Agreed Corrective Order No. 2016-1 (the "Agreed Order"). This Agreed Order prohibits LLH from making payment of any amounts claimed to be owed by it under the RA Program unless and until the policyholder claims of its consumers are either fully satisfied, or it receives payment of its 2014 and 2015 Risk Corridor Program receivables (or its claims pending in the U.S. Court of Claims for these amounts have been finally adjudicated). The Agreed Order, a copy of which is attached, was issued to preserve the solvency of LLH consistent with the well settled solvency oversight requirements found under Illinois and federal law and is designed to prevent an immediate liquidation of LLH.

As you know, a mid-year liquidation would trigger marketplace disruption and extreme financial harm to LLH's 49,000 Illinois insureds if their health insurance policies are cancelled mid-term, prior to the 2017 open enrollment period and plan year. A mid-year liquidation would require a special enrollment, the consequence of which would force LLH policyholders to "restart" their calendar year deductibles and out-of-pocket maximums and, as we have observed in other states, cause the elimination of in-network provider participation and/or discounts.

The Department and the Centers for Medicare & Medicaid Services (CMS) / Center for Consumer Information and Insurance Oversight (CCIIO) have worked very closely over the past year, and we collaborated in October of 2015 on the decision to allow LLH to participate in the 2016 Illinois health insurance exchange marketplace. Although the Department was disappointed to learn that the Risk Adjustment program payment plan options CMS/CCIIO suggested were later withdrawn, I know from our discussions that you share our goal of achieving an orderly wind-down of the current plan year in an attempt to avoid harm to Illinois individuals and families who have purchased an LLH policy on the federal partnership health insurance exchange established in Illinois.

Please contact me at any time to discuss the foregoing.

Sincerely,

Anne Melissa Dowling
Acting Director of Insurance
State of Illinois

Enc.



**CONFIDENTIALITY WAIVED**

IN THE MATTER OF:
Land of Lincoln Mutual Health Insurance Company
222 S. Riverside Plaza, Suite 1600
Chicago, IL 60606

### AGREED CORRECTIVE ORDER: NO. 2016-1

Land of Lincoln Mutual Health Insurance Company (the Company) IS HEREBY NOTIFIED that pursuant to Sections 5/186.1 and 5/401 of the Illinois Insurance Code (the "Code") (215 ILCS 5/186.1 and 5/401) and 50 Ill. Adm. Code 1250.20 the Director (the "Director") of the Illinois Department of Insurance (the "Department") has determined that the Company is operating in a manner that could lead to, or is in, a financial condition, which if continued would make it hazardous to the public, and its policyholders; and

WHEREAS, the Director is a duly authorized and appointed official of the State of Illinois, having authority and responsibility for the enforcement of the insurance laws of this State; and

WHEREAS, The Company is a licensed mutual Accident and Health insurance company subject to the regulation and jurisdiction of the Illinois Director of Insurance pursuant to the provisions of the Illinois Insurance Code (215 ILCS 5/1 *et seq.*); and

WHEREAS, Section 186.1 of the Code provides that operation or financial condition deficiencies supporting the Director's determination under subsection (1) may include, but are not limited to, the following:

(a) The company has failed to maintain a relationship of policyholder surplus to premium writings or policyholder surplus to claim and unearned premium reserves which provides a reasonable margin of safety for the policyholders considering the classes of insurance the company is writing.

\*   \*   \*

(c) The company's current or projected net income is inadequate to meet its present or projected obligations.

and;

WHEREAS, the Company has triggered the foregoing standards due to the following:

1. The Company reported a net operating loss of an amount in excess of $90,000,000 on its 2015 Annual Statement; and

2. The Company reported additional losses in excess of $17,000,000 through May 31, 2016; and

3. The Company's statutory surplus as of May 31, 2016 is $10,992,278; and

4. The Company has reported a monthly Risk Based Capital ("RBC") ratio of 104% as of May 31, 2016; and

5. Payment of the Company's 2015 Risk Adjustment liability would trigger an RBC mandatory control level event under 215 ILCS 5/35A-30; and

WHEREAS, the Patient Protection and Affordable Care Act ("ACA"), Public Law No. 11-148, §1343, 42 U.S.C. §18063, created three interrelated premium stabilization programs, which are also known as the "Three Rs": "Reinsurance", "Risk Corridor", and "Risk Adjustment". ACA §§1341-1343; 42 U.S.C. §§18061-18063; and

WHEREAS, on December 13, 2014, the U.S. Congress adopted the Consolidated and Further Continuing Appropriations Act of 2015 (the "CAA of 2015") which placed Risk Corridor funding in jeopardy; and

WHEREAS, the U.S. Department of Health and Human Services ("HHS") issued a May 11, 2016 Interim Final Rule, in accordance with 45 C.F.R. Parts 155 and 156, determining that it would not alter the formula for the Risk Adjustment program prior to 2017, but indicated that States could exercise state authority to take corrective action in their local markets, ruling as follows:

> Based on our experience operating the 2014 benefit year risk adjustment program, HHS has become aware that certain issuers, including some new, rapidly growing, and small issuers, owed substantial risk adjustment charges that they did not anticipate. HHS has had a number of discussions with issuers and State regulators on ways to help ease issuers' transition to the new health insurance markets and the effects of unanticipated risk adjustment charge amounts. We believe that a robust risk adjustment program that addresses new market dynamics due to rating reforms and guaranteed issue is critical to proper functioning of new markets. However, we are sympathetic to these concerns **and recognize that States are the primary regulators of their insurance markets. We encourage States to examine whether any local approaches, under State legal authority, are warranted to help ease this transition to new health insurance markets;** and

WHEREAS, although the Company's 2015 Risk Adjustment liability will not be definitively known until it is published on June 30, 2016 by the Centers for Medicare and Medicaid Services

("CMS"), the Company anticipates its liability could be as high as $38,000,000, and exceed more than 20% of the Company's total premium for 2015; and

WHEREAS, on May 13, 2016, the Company requested the Director to exercise her authority under state law to suspend any liability under the Risk Adjustment program for Illinois domestic companies through the 2017 plan year; and

WHEREAS, the Company's outstanding unpaid 2014 and 2015 Risk Corridor receivable exceeds $70,000,000; and

WHEREAS, the Company filed a lawsuit on June 23, 2016 against the United States seeking to recover its 2014 and 2015 Risk Corridor receivable; and

WHEREAS, the Company requested a permitted accounting practice from the Director on June 23, 2016, which would permit the Company, in the absence of any suspension of its 2015 and 2016 Risk Adjustment liability, to report its 2014 and 2015 Risk Corridor receivable on its financial statements in an amount not to exceed its 2015 and 2016 Risk Adjustment liability;

WHEREAS, the Illinois Insurance Code ("Code") vests the Director as the Company's domestic regulator with authority over the Company's solvency, corrective action, accounting practices and financial reporting, and creditor payment priority in accordance with, but not limited to, Sections 35A, 136, 186.1, 205 and 401-407.2 of the Code, 215 ILCS 5/35A, 5/136, 5/ 186.1, 5/205, 5/401-407.2; and

WHEREAS, the Director finds that payment of the Company's 2015 Risk Adjustment liability prior to its receipt of its 2014 and 2015 Risk Corridor receivable will place the Company in a financial condition that is hazardous to Illinois consumers, and the Company's policyholders and creditors;

**NOW, THEREFORE, IT IS ORDERED** by the Director on the basis of the foregoing determinations and findings, and **AGREED** by the Company:

1. A state solvency payment restriction is hereby implemented over the Company's 2015 Risk Adjustment liability.

2. Payment of the Company's 2015 Risk Adjustment liability shall be suspended until the Company's 2014 and 2015 Risk Corridor receivable is collected or a final judgment in its lawsuit for recovery thereon is finally adjudicated, and an order approving payment is issued by the Director.

3. Notwithstanding the suspension hereunder of payment of the Company's 2015 Risk Adjustment liability, the Company shall hereafter continue to accrue and report its 2015 and 2016 Risk Adjustment liability on its financial statements.

4. The Company is permitted to accrue and report its 2014 and 2015 Risk Corridor receivable on its financial statements.

5. The Company hereby waives confidentiality of this Order, and agrees that it is a public record. All other records of the Director and the Department related to this matter shall remain confidential as required by 215 ILCS 5/186.1(6).

6. The Company agrees that its failure to comply with any of the terms of this Order may result in proceedings by the Director for the conservation, rehabilitation or liquidation of the Company under Article XIII of the Illinois Insurance Code (215 ILCS 5/187 et seq.), and that nothing in this Order shall prevent the Director from taking such action or any other action provided for by law during the time this Order remains in effect, or in any way limit any power or authority given the Director by the Code.

7. The Company agrees that any failure to comply with the terms of this Order or any failure to cooperate with the Director or his representatives in any proceeding or investigation preliminary to any proceeding regarding this matter shall subject you to penalties referred to in Section 186.2 of the Illinois Insurance Code (215 ILCS 5/186.2).

DEPARTMENT OF INSURANCE
of the State of Illinois

Date: 6-27-16

Anne Melissa Dowling
Acting Director of Insurance of the State of Illinois

LAND OF LINCOLN MUTUAL HEALTH INSURANCE COMPANY

Date: 6/27/16

Jason Montrie, President an Interim C.E.O.



IN THE MATTER OF:

Land of Lincoln Mutual Health Insurance Company
222 S. Riverside Plaza, Suite 1600
Chicago IL 60606

## STIPULATION AND CONSENT ORDER

**WHEREAS**, the Director ("Director") of the Illinois Department of Insurance ("Department") is a duly authorized and appointed official of the State of Illinois, having authority and responsibility for the enforcement of the insurance laws of this State; and

**WHEREAS**, Land of Lincoln Mutual Health Insurance Company ("LLM")is a domestic mutual insurance company organized under and existing by virtue of the laws of the State of Illinois, authorized to transact the kinds of insurance business authorized under Class 1 (b) of Section 4 of the Code, and

**WHEREAS**, LLM operates as a qualified nonprofit health insurance issuer under the provisions of section 1322 (c) of the Patient Protection and Affordable Care Act (Public Act 111-148) (the "Act"), and substantially all of its activities consist of the issuance of both small and large group qualified health plans, as defined in section 1310(a) of the Act including; and

**WHEREAS**, LLM issued such plans for the 2016 plan year insuring approximately 51,000 lives in Illinois; and

**WHEREAS**, the Act established a risk corridor program, among other things, that was to provide additional funding to insurer's when their allowable costs exceed its targeted amount; and

**WHEREAS**, on December 13, 2014, Congress adopted the Consolidated and Further Continuing Appropriations Act of 2015 (the "CAA of 2015") which placed in jeopardy projected risk corridor funding; and

**WHEREAS**, the above described plans are up for renewal for the 2017 plan year, but due to the adverse impact that the lack of risk corridor funding has had on LLM's financial condition allowing such renewals may be hazardous to policyholders; and

Stipulation and Consent Order<br>
June 28, 2016<br>
Page 2 of 3

**WHEREAS**, nothing herein contained, nor any action taken by or in connection with this Stipulation and Consent Order, shall constitute, or be construed as an admission of fault, liability or wrongdoing of any kind whatsoever by LLM; and

**WHEREAS**, LLM is aware of and understands the various rights in connection with the examination report, including the right to counsel, notice, hearing and appeal under Sections 401, 402, 407 and 407.2 of the Illinois Insurance Code and 50 Ill. Adm. Code 2402; and

**WHEREAS**, LLM understands and agrees that by entering into this Stipulation and Consent Order, it waives any and all rights to notice and hearing; and

**WHEREAS**, LLM and the Director, in order to avoid possible harm to policyholders and the delay occasioned by further administrative action, hereby enter into this Stipulation and Consent Order.

**NOW, THEREFORE, IT IS AGREED** by and between LLM and the Director as follows:

1. LLM shall immediately discontinue its renewal of any and all of its small group health plans and large group health plans. Such discontinuance shall be in compliance with all state and federal law.

2. LLM shall not write any new insurance business in Illinois without prior written approval of the Director.

**THEREFORE, IT IS HEREBY ORDERED** by the undersigned Director that LLM shall:

1. LLM shall immediately discontinue its renewal of any and all of its small group health plans and large group health plans. Such discontinuance shall be in compliance with all state and federal law.

2. LLM shall not write any new insurance business in Illinois without prior written approval of the Director.

Nothing contained herein shall prohibit the Director from taking any and all appropriate regulatory actions as set forth in the Illinois Insurance Code, including but not limited to levying additional fees, should LLM violate any of the provisions of this Stipulation and Consent Order or any provisions of the Illinois Insurance Code or Department regulations.

*<<Remainder of Page Intentionally Blank>>*

Stipulation and Consent Order
June 28, 2016
Page 3 of 3

On behalf of:

**LAND OF LINCOLN MUTUAL HEALTH INSURANCE COMPANY**

_[signature]_
Signature

JASON MONTRIE
Name

PRESIDENT
Title

Subscribed and sworn to before me this

29th day of June A.D. 2016.

_[signature]_
Notary Public

```
OFFICIAL SEAL
KIM ROLLINGER
Notary Public - State of Illinois
My Commission Expires 9/19/2019
```

**DEPARTMENT OF INSURANCE** of the
State of Illinois;

Date: June 30, 2016

_[signature]_
AnneMelissa Dowling
Director



IN THE MATTER OF:

Land of Lincoln Mutual Health Insurance Company
222 S. Riverside Plaza, Suite 1600
Chicago IL 60606

### STIPULATION AND CONSENT ORDER

**WHEREAS**, the Director ("Director") of the Illinois Department of Insurance ("Department") is a duly authorized and appointed official of the State of Illinois, having authority and responsibility for the enforcement of the insurance laws of this State; and

**WHEREAS**, Land of Lincoln Mutual Health Insurance Company ("LLM")is a domestic mutual insurance company organized under and existing by virtue of the laws of the State of Illinois, authorized to transact the kinds of insurance business authorized under Class 1 (b) of Section 4 of the Code, and

**WHEREAS**, LLM operates as a qualified nonprofit health insurance issuer under the provisions of section 1322 (c) of the Patient Protection and Affordable Care Act (Public Act 111-148) (the "Act"), and substantially all of its activities consist of the issuance of both small and large group qualified health plans, as defined in section 1310(a) of the Act including; and

**WHEREAS**, LLM issued such plans for the 2016 plan year insuring approximately 51,000 lives in Illinois; and

**WHEREAS**, the Act established a risk corridor program, among other things, that was to provide additional funding to insurer's when their allowable costs exceed its targeted amount; and

**WHEREAS**, on December 13, 2014, Congress adopted the Consolidated and Further Continuing Appropriations Act of 2015 (the "CAA of 2015") which placed in jeopardy projected risk corridor funding; and

**WHEREAS**, the above described plans are up for renewal for the 2017 plan year, but due to the adverse impact that the lack of risk corridor funding has had on LLM's financial condition allowing such renewals may be hazardous to policyholders; and

**WHEREAS**, nothing herein contained, nor any action taken by or in connection with this Stipulation and Consent Order, shall constitute, or be construed as an admission of fault, liability or wrongdoing of any kind whatsoever by LLM; and

**WHEREAS**, LLM is aware of and understands the various rights in connection with the examination report, including the right to counsel, notice, hearing and appeal under Sections 401, 402, 407 and 407.2 of the Illinois Insurance Code and 50 Ill. Adm. Code 2402; and

**WHEREAS**, LLM understands and agrees that by entering into this Stipulation and Consent Order, it waives any and all rights to notice and hearing; and

**WHEREAS**, LLM and the Director, in order to avoid possible harm to policyholders and the delay occasioned by further administrative action, hereby enter into this Stipulation and Consent Order.

**NOW, THEREFORE, IT IS AGREED** by and between LLM and the Director as follows:

1. LLM shall immediately discontinue its renewal of any and all of its small group health plans and large group health plans. Such discontinuance shall be in compliance with all state and federal law.

2. LLM shall not write any new insurance business in Illinois without prior written approval of the Director.

**THEREFORE, IT IS HEREBY ORDERED** by the undersigned Director that LLM shall:

1. LLM shall immediately discontinue its renewal of any and all of its small group health plans and large group health plans. Such discontinuance shall be in compliance with all state and federal law.

2. LLM shall not write any new insurance business in Illinois without prior written approval of the Director.

Nothing contained herein shall prohibit the Director from taking any and all appropriate regulatory actions as set forth in the Illinois Insurance Code, including but not limited to levying additional fees, should LLM violate any of the provisions of this Stipulation and Consent Order or any provisions of the Illinois Insurance Code or Department regulations.

*<<Remainder of Page Intentionally Blank>>*

Stipulation and Consent Order
June 28, 2016
Page 3 of 3

On behalf of:

**LAND OF LINCOLN MUTUAL HEALTH INSURANCE COMPANY**

_____
Signature

JASON MONTRIE
Name

PRESIDENT
Title

Subscribed and sworn to before me this

29th day of June A.D. 2016.

_____
Notary Public

OFFICIAL SEAL
KIM ROLLINGER
Notary Public - State of Illinois
My Commission Expires 9/19/2019

Date: June 30, 2016

**DEPARTMENT OF INSURANCE** of the
State of Illinois;

_____
AnneMelissa Dowling
Director