UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| EVERGREEN HEALTH COOPERATIVE, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:16-cv-02039- GLR |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES *et al.*, | ) ) ) ) ) |
| Defendants. | ) ) ) |

## DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT

The Defendants hereby submit their Answer to the First Amended Complaint ("Complaint"), ECF No. 52. The Defendants note that, for the counts of the Complaint over which this Court has jurisdiction, the Court's review shall be solely on the administrative record, not on the allegations of the parties in their respective pleadings. The Defendants respond to the numbered paragraphs of the Complaint as follows:

1. This paragraph contains only a characterization of the Complaint, which speaks for itself, and to which no response is required.

2. This paragraph contains only a characterization of the Affordable Care Act ("ACA"), to which no response is required.

3. Admit that health insurers faced uncertainty in setting premiums in 2014.

4. The first two sentences contain only a characterization of the ACA, to which no response is required. The third sentence contains only a characterization of the Complaint, which speaks for itself, and to which no response is required.

1

5. This paragraph contains only a characterization of the ACA, to which no response is required.

6. Deny.

7. Admit.

8. Deny the first sentence to the extent that it asserts that Evergreen Health's 2015 risk adjustment assessment is the result of flaws in the Centers for Medicare and Medicaid Services' ("CMS") risk adjustment methodology. Otherwise, admit the first sentence. <ins>Deny the second sentence.</ins>  The Department lacks information or knowledge sufficient to admit or deny <del>Plaintiffs'</del><ins>Plaintiff's</ins> description of itself in the <del>remainder of this paragraph</del><ins>third sentence</ins>.

9. This paragraph contains only a characterization of the Complaint, which speaks for itself, and to which no response is required.

10. This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.  By way of further answer, deny.

11. This paragraph contains only conclusions of law, and not averments of fact to which a response would be required.

12. Admit.

13. Admit that Defendant United States Department of Health and Human Services ("Department") is responsible for overseeing federal regulation of health insurance markets.

14. Admit that the Department has delegated certain responsibilities for overseeing federal regulation of health insurance markets to CMS, including the reinsurance, readjustment, and risk corridors programs.

15. Admit that Defendant Sylvia Mathews Burwell is the Secretary of the Department; the remainder of the first sentence is a conclusion of law as to which no response is required.  The

second sentence contains only a characterization of the Complaint, which speaks for itself, and to which no response is required.

16. Admit that Defendant Andrew M. Slavitt is the Acting Administrator of CMS; the remainder of the first sentence is a conclusion of law as to which no response is required. The second sentence contains only a characterization of the Complaint, which speaks for itself, and to which no response is required.

17. The first sentence contains only a characterization of the Complaint, which speaks for itself, and to which no response is required. Admit the second sentence.

18. This paragraph contains only a characterization of the ACA, to which no response is required.

19. This paragraph contains only a characterization of the ACA, to which no response is required.

20. This paragraph contains only a characterization of the ACA, to which no response is required.

21. This paragraph contains only a characterization of the ACA, to which no response is required.

22. Admit.

23. The first sentence contains only a characterization of the ACA, to which no response is required. The second sentence contains only a characterization of a CMS publication, which speaks for itself and to which no response is required.

24. This paragraph contains only a characterization of the ACA, to which no response is required.

25. This paragraph contains only a characterization of the ACA, to which no response

is required.

26. This paragraph contains only a characterization of the ACA, to which no response is required.

~~27. This paragraph contains only a characterization of the ACA, to which no response is required.~~

~~28. This paragraph contains only a characterization of the ACA, to which no response is required.~~

~~29. This paragraph contains only a characterization of the ACA, to which no response is required.~~

~~30.~~<u>27.</u> Admit the first sentence. The Department lacks information or knowledge sufficient to admit or deny ~~Plaintiffs'~~<u>Plaintiff's</u> description of Dr. Beilenson in the remainder of this paragraph.

~~31.~~<u>28.</u> The Department lacks information or knowledge sufficient to admit or deny ~~Plaintiffs'~~<u>Plaintiff's</u> description of itself in this paragraph.

~~32.~~<u>29.</u> The Department lacks information or knowledge sufficient to admit or deny ~~Plaintiffs'~~<u>Plaintiff's</u> description of itself in this paragraph.

~~33.~~<u>30.</u> Admit that Evergreen Health began selling plans in Maryland in the individual and small group markets on October 1, 2013, with coverage effective January 1, 2014.

~~34.~~<u>31.</u> Admit that at the end of 2014 Evergreen Health had 11,694 members (408 members in individual market plans; 11,286 members in small group plans). The Department lacks information or knowledge sufficient to admit or deny ~~Plaintiffs'~~<u>Plaintiff's</u> description of itself in the remainder of this paragraph.

~~35.~~<u>32.</u> Deny, and separately aver that for 2015 Evergreen Health enrolled 31,157 members

and that Evergreen Health's premium revenue was $82,207,685.

~~36.~~33.  The Department lacks information or knowledge sufficient to admit or deny ~~Plaintiffs'~~Plaintiff's description of itself in this paragraph.

~~37.~~34.  The Department lacks information or knowledge sufficient to admit or deny ~~Plaintiffs'~~Plaintiff's description of itself in this paragraph.

~~38.~~35.  The Department lacks information or knowledge sufficient to admit or deny ~~Plaintiffs'~~Plaintiff's description of itself in the first sentence.  The second and third sentences offer only Plaintiff's characterization of congressional testimony, which speaks for itself, and to which no response is required.

~~39.~~36. This paragraph contains only a characterization of a CMS regulation, which speaks for itself and to which no response is required.

~~40.~~37. Admit that Maryland did not develop and obtain certification from the federal Government for its own risk adjustment model, and that CMS's methodology applies to Evergreen Health and other risk adjustment covered plans in Maryland.

~~41.~~38. This paragraph contains only a characterization of a CMS regulation, which speaks for itself and to which no response is required.

~~42.~~39. This paragraph contains only a characterization of a CMS regulation, which speaks for itself and to which no response is required.

~~43.~~40. This paragraph contains only a characterization of a CMS regulation, which speaks for itself and to which no response is required.

~~44.~~41. This paragraph contains only a characterization of a CMS regulation, which speaks for itself and to which no response is required.

~~45.~~42. This paragraph contains only a characterization of a CMS regulation, which speaks

for itself and to which no response is required.

46.43. This paragraph contains only a characterization of a CMS regulation, which speaks for itself and to which no response is required.

47.44. As to the first sentence, admit that it is not possible to know with certainty what a plans' risk adjustment charge or payment will be for the applicable benefit year until after the calendar year has concluded, and admit that the formal notification of risk adjustment charges and payments must issue by June 30 following the end of the applicable calendar year.  Deny the second sentence.  As to the third sentence, admit that Plaintiff initially submitted its 2014 rates for approval to state regulators on April 1, 2013, and admit that Plaintiff did not know with certainty what its risk adjustment charge or payment for 2014 would be at that time.  As to the fourth sentence, admit that Plaintiff initially submitted its 2015 rates for approval to state regulators on May 1, 2014, and admit that Plaintiff did not know with certainty what its risk adjustment charge or payment for 2015 would be at that time.  As to the fifth sentence, admit that Plaintiff initially submitted its 2016 rates for approval to state regulators on May 1, 2015, and admit that Plaintiff did not know with certainty what its risk adjustment charge or payment for 2016 would be at that time.  As to the sixth sentence, admit that Plaintiff initially submitted its 2017 rates for approval to state regulators on May 2, 2016, and admit that Plaintiff did not know with certainty what its risk adjustment charge or payment for 2016 would be at that time, but note that Plaintiff's rate filing included its actuary's estimate of its 2017 risk adjustment liability, based on the already-published 2017 risk adjustment methodology.

48.45. Deny.

49.46. This paragraph contains only a characterization of a CMS regulation, which speaks for itself and to which no response is required.

~~50.~~47. This paragraph contains only a characterization of a CMS regulation, which speaks for itself and to which no response is required.

~~51.~~48. This paragraph contains only a characterization of a CMS regulation, which speaks for itself and to which no response is required.

~~52.~~49. This paragraph contains only a characterization of a CMS regulation, which speaks for itself and to which no response is required.

~~53.~~50. This paragraph contains only a characterization of a CMS regulation, which speaks for itself and to which no response is required.

~~54.~~51. This paragraph contains only a characterization of a CMS regulation, which speaks for itself and to which no response is required.

~~55.~~52. This paragraph contains only a characterization of CMS regulations, which speak for themselves and to which no response is required.

~~56.   Admit the first sentence.  The second contains only a characterization of a white paper, which speaks for itself and to which no response is required.~~

~~57.~~53. Admit that in 2015, several insurers went out of business, some of whom cited the risk corridors and/or risk adjustment programs as contributing factors.

~~58.~~54. This sentence contains only a characterization of a CMS discussion paper, which speaks for itself and to which no response is required.

~~59.~~55. The first sentence contains only a characterization of a CMS regulation, which speaks for itself and to which no response is required.  Deny the second sentence.  ~~As to the third sentence, deny that any state has proposed a change that CMS has rejected.~~

~~60.~~56. The first four sentences contain only a characterization of a CMS fact sheet, which speaks for itself and to which no response is required.  As to the fifth sentence, deny that Evergreen

7

will be assessed an indefensibly large risk adjustment payment for 2015 or 2016 and deny that CMS's methodology is flawed. The Department lacks information or knowledge sufficient to admit or deny Plaintiffs'Plaintiff's description of itself and other unnamed insurers in the remainder of the fifth sentence.

61. This paragraph contains only a characterization of CMS publications, which speak for themselves and to which no response is required.

62.57. Deny the first sentence. As to the second sentence, admit that risk adjustment charges are an allowable cost for purposesa CMS notice of calculating risk corridors payments; deny the remainder of this sentence. As to the third sentence, deny that CMS has refused to honor its risk corridors obligations, deny that it is highly unlikely that Evergreen Health will receive risk corridors payments. The remainder of the third sentence contains only a characterization of a National Association of Insurance Commissioners' guidanceproposed rulemaking, which speaks for itself and to which no response is required.

63.58. Admit that in 2014 Evergreen Health was assessed a default charge.

64.59. Admit that Evergreen Health was not assessed a default charge for 2015. The Department lacks information or knowledge sufficient to admit or deny Plaintiffs'Plaintiff's description of itself in the remainder of this paragraph.

65.60. The Department lacks information or knowledge sufficient to admit or deny Plaintiffs'Plaintiff's description of itself in the first sentence. As to the second sentence, admit that agency officials met and corresponded with Evergreen Health throughout 2015.

66.61. The Department lacks information or knowledge sufficient to admit or deny Plaintiffs'Plaintiff's description of itself in the first sentence. Admit the second sentence.

67.62. Admit that agency officials have met with Maryland's Insurance Commissioner.

68.63.  Deny.

69.64. As to the first sentence, admit that CMS notified Evergreen Health of its risk adjustment charge on June 30, 2016. TheDeny the second sentence contains only Plaintiff's characterization of its understanding of CMS payment and collection regulations to which no response is required..  Deny the third sentence.  Deny the fourth sentence.

70.65. The Department lacks information or knowledge sufficient to admit or deny Plaintiffs'Plaintiff's description of its finances as of April 30, 2016 in this paragraph.

71.66. The Department lacks information or knowledge sufficient to admit or deny Plaintiffs'Plaintiff's description of itself in this paragraph.

72.67. This paragraph contains only a characterization of Maryland statutory provisions, to which no response is required.

73.    The first two sentences contain only Plaintiffs' characterization of the risk corridor methodology, which speaks for itself and to which no response is required.  The third sentence contains only Plaintiffs' characterization of CMS guidance, which speaks for itself and to which no response is required.

CLAIMPlaintiff'sPlaintiff'sCLAIM **FOR RELIEF**

**COUNT ONE**

74.68. This paragraph merely re-alleges and incorporates prior paragraphs and does not require a response.

75.69. This paragraph contains only a characterization of the ACA, to which no response is required.

76.70. Deny the first sentence.  The second sentence contains only a conclusion of law, to which no response is required.

~~**COUNT TWO**~~

~~77. This paragraph merely re-alleges and incorporates prior paragraphs and does not require a response.~~

~~78.~~71. This paragraph contains only conclusions of law, to which no response is required.

~~**COUNT THREE**~~

~~79. This paragraph merely re-alleges and incorporates prior paragraphs and does not require a response.~~

~~80. This paragraph contains only a characterization of the ACA, to which no response is required.~~

~~81. The first sentence contains only a characterization of CMS regulations, to which no response is required. The second sentence contains only a conclusion of law, to which no response is required.~~

**PRAYER FOR RELIEF**

This paragraph contains only a characterization of the relief sought in the Complaint, and not averments of fact to which a response would be required.

**DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. This Court lacks subject matter jurisdiction to grant the relief requested in the Complaint.

Defendant specifically denies all allegations in the Complaint not otherwise answered herein, and denies that Plaintiff is entitled to the relief requested in the Complaint or to any relief whatsoever.

Dated: ~~August 15~~October 28, 2016                    Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ROD J. ROSENSTEIN
United States Attorney

JOEL McELVAIN
Assistant Branch Director
Federal Programs Branch

*/s/ Matthew J.B. Lawrence*
MATTHEW J.B. Lawrence
Trial Attorney
United States Department of Justice
Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W.
Rm. 6132
Washington, D.C. 20530
Telephone: (202) 616-8105
Telefacsimile: (202) 616-8460
Matthew.Lawrence@usdoj.gov

Attorneys for Defendant

Certificate of Service

I hereby certify that on the ~~15th~~28th day of ~~July~~October, 2016, I caused the forgoing to be served on counsel for plaintiff by filing with the court's electronic case filing system.

*/s/ Matthew J.B. Lawrence*

Matthew J.B. Lawrence

Notice of Courtesy Copy

I hereby certify that on the ~~16th~~28th day of ~~August~~October, 2016, I will send a courtesy copy of the foregoing to Chambers by overnight mail.

*/s/ Matthew J.B. Lawrence*

_____Matthew J.B. Lawrence